| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:19-CR-14(4) |
| | § | |
| DEBRA WALLACE GLENN | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Debra Wallace Glenn's ("Glenn") *pro se* Motion for Reconsideration (#410), wherein she requests that the court reconsider its October 5, 2022, Order (#408) denying her *pro se* Motion for Compassionate Release (#398).

The only new basis for relief presented in Glenn's motion is her contention that she is needed as a caregiver for her adult son. Glenn states that her "son had breast cancer [and] had a mastectomy." She asserts that "the cancer is back and it is in his lungs, spine, bones[, and] brain," and that she and her "daughter are all he has." Glenn maintains that her daughter cannot take care of him because her daughter "is trying to get her children home," presumably from foster care.

Importantly, it appears that Glenn has not submitted a request for compassionate release based on this circumstance to the warden of the facility where she is housed. *See United States v. Dodd*, No. 4:13-CR-182-SDJ, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (stating that "[i]n order to exhaust her administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in her motion"). In any event, noticeably absent from Glenn's motion are any details regarding her son's current caregiving arrangements. Further, Glenn "proffers no evidence of any effort by the family to obtain care" for her son,

"[n]or does she show that the family is unable to pay for outside caregiving." *United States v. Mokwuah*, No. CR H-16-254, 2021 WL 6202845, at *5 (S.D. Tex. Dec. 31, 2021). There is not a requirement that the caregiver be a family member. *See id*. In addition, Glenn fails to explain why her daughter's efforts to "get her children home" render her unable to care for her brother. *See id*. Thus, Glenn has not shown that she is the "only available caregiver" for her son. *See* U.S.S.G. § 1B1.13(b)(3)(D) (requiring that the defendant "be the only available caregiver").

In the remainder of her motion, Glenn does not assert any novel legal arguments, raise any significant factual or legal issues meriting redress, show that she is receiving inadequate health care at the federal correctional institution where she is housed, or otherwise demonstrate that compassionate release is warranted.

Furthermore, the court again finds that compassionate release is not merited in light of the applicable factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release). Glenn's offense of conviction entails her participation in a drug-trafficking conspiracy in which she was held responsible for the distribution of 1.25 kilograms of methamphetamine (actual), and her criminal activity dates back to the year 2000. Glenn's criminal history includes prior convictions for theft, driving with an invalid license, and possession with intent to deliver a controlled substance.

Accordingly, for the foregoing reasons, Glenn's *pro se* Motion for Reconsideration (#410) is DENIED. Glenn is advised that the court will not consider yet another motion for reconsideration unless she can show a significant change in circumstances.

SIGNED at Beaumont, Texas, this 9th day of December, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE